**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS MARTINEZ**<br>**Plaintiff,** | §<br>§<br>§ | |
| **V.** | §<br>§ | **Civil Action No:  1:22-cv-85** |
| **SPACE EXPLORATION**<br>**TECHNOLOGIES CORP AKA SPACE**<br>**X**<br>**Defendant.** | §<br>§<br>§<br>§<br>§ | |

<u>**DECLARATION OF JOHN SANDHU**</u>

I declare under penalty of perjury that the following statements are true and correct:

1.      My name is John Sandhu. I am over the age of 18, of sound mind, capable of making this Declaration, and fully competent to testify as to the matters stated herein.

2.      I am a senior data architect for the People Data and Operations team at Defendant Space Exploration Technologies Corporation ("Defendant" or "SpaceX").  I make this declaration in support of Defendant's Unopposed Motion to Compel Arbitration and Dismiss the Litigation.  I have personal knowledge of the facts stated herein, and if called as a witness, could and would testify competently to the same.

3.      SpaceX uses a human resources ("HR") information system called Workday Human Capital Management ("Workday") to administer the employee onboarding process for its new hires, among other functions.

4.      As part of the employee onboarding process, new hires are expected to review and complete employment documentation (*e.g.*, disability self-identification, federal withholding elections (W-4), employment eligibility verifications (I-9), benefit enrollments, and other forms) through Workday using Adobe Sign.

5.      Adobe Sign is a document cloud solution that conducts the electronic signing process within Workday's applications.  As a Workday Select Partner, Adobe Sign is integrated into and supported by Workday.  This integration allows Workday's clients to collect e-signatures directly in Workday Business Processes by using Adobe.  Workday Business Processes is a specific process flow within Workday where all transaction-related changes originate.  To implement this capability into Workday Business Processes, SpaceX purchased a license for Adobe Sign and activated that license.

6.      One of the documents that can be completed only in Workday, using Adobe Sign, is the "Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver" ("Arbitration Agreement"). See **Exhibit A-1**, attached hereto, which is a true and correct copy of

SpaceX's Arbitration Agreement.  For the reasons explained below, we know that Plaintiff Carlos Martinez electronically signed the Arbitration Agreement.

## Multi-Level Password Protection

7.      Upon hire, each new employee is provided a hyperlink and instructions to access his own Workday profile.  For first-time access to Workday, SpaceX's Information Technology ("IT") Department randomly generates a unique username and password for each new employee.  The employee's username will not change.  However, after signing in the first time, the new employee must create a new password.  In Plaintiff's case, the hyperlink and instructions to access his Workday profile were sent to the email address provided by Plaintiff in his application, "el.cayito.mtz@gmail.com."  SpaceX had used this email address to communicate with Plaintiff previously and throughout his recruitment process. Only the employee can change his/her own password.

8.      Attached hereto as **Exhibit A-2** is a true and correct copy of a screenshot of Plaintiff's Workday login session which indicates that Plaintiff signed on and changed the password on 02/23/2020 at 3:03 pm.  Employee passwords are stored in an encrypted form.  SpaceX does not have the ability to decrypt and read the password values of its employees.

9.      For any subsequent access of the employee's Workday profile, the employee would have to go through two levels of password-protected access.  First, the employee would have to enter his/her email username and password to log into his/her email account in order to access the emailed hyperlink through which he/she can be directed to Workday.  Once directed to Workday, the employee would then have to enter his/her unique Workday username and password—which is known only to him/her—to gain access to his/her Workday profile.  As noted above, employee passwords are encrypted, and SpaceX does not have the ability to decrypt and review any employee's password values.

10.     To access Plaintiff's Workday profile, someone would have to know Plaintiff's email and Workday usernames and passwords to bypass the multi-level password protection created by, and known only to, Plaintiff himself.

## Employment Verification

11.     Once the new employee logs into Workday for the first time, the employee is directed to the Personal Information and Contact Information sections of his/her Workday profile.  Each employee is required to review, enter, and confirm his/her legal name, preferred name, gender, date of birth, marital status, race/ ethnicity, citizenship status, nationality, disability status, military status, mailing address, phone number, and email address.  The information provided by each employee is used to complete his/her mandatory onboarding process in Workday.

12.     Further, once the new employee logs into Workday for the first time, he or she is also directed to the "Edit Government IDs" section of his/her Workday profile and is required to enter and submit his/her Social Security Number ("SSN") or other government-issued identification number.  The employee's SSN or other government-issued identification number is required to complete some of the mandatory onboarding documents in Workday (*e.g.*, federal withholding elections (W-4) and employment eligibility verifications (I-9)).

13.     To access Plaintiff's Workday profile, someone would have to know Plaintiff's personal information, contact information, and SSN.

14.     To complete the onboarding process, SpaceX is required to examine evidence of the employee's identification and employment authorization by reviewing physical copies of the employee's identification and authorization documents, as enumerated in the I-9 employment eligibility form (for example, the employee's U.S. passport or his/her state-issued identification card and Social Security Card). Each employee is then required to provide physical copies of these identification and employment authorization documents to HR within a certain number of days after starting work. The information entered by each employee in his/her Workday profile are compared against these physical documents to ensure that the information submitted on the employee's Workday is correct.

15.     Attached hereto as **Exhibit A-3** is a true and correct copy of Plaintiff's E-verified I-9 form (employment eligibility verification) that Plaintiff completed in Workday. (Plaintiff's and SpaceX's identifying information have been redacted to preserve privacy and confidentiality). Page 1 of this exhibit is the first page of Plaintiff's I-9 form. Section 1 of Plaintiff's I-9 form ("Employee Information and Attestation") shows that Plaintiff entered his address, date of birth, Social Security Number, and telephone number into Workday, information that only he should know. It also shows that Plaintiff entered the email address of "el.cayito.mtz@gmail.com" into his I-9 form, which is identical to the email address that Plaintiff provided in his job application. The signature line shows that Plaintiff attested to the accuracy of this information by electronically signing this form on February 23, 2020. Plaintiff checked the box "I did not use a preparer or translator" when completing the Employee Information and Attestation section of his I-9 form. Page 3 of this exhibit is a copy of Plaintiff's State-issued identification card and Social Security Card, which Plaintiff produced in-person on February 26, 2020 to complete his I-9 process. Page 4 of this exhibit is the E-verification confirmation of Plaintiff's completed I-9 form. E-verify is an internet-based work authorization verification program operated by the U.S. government. Workday is an E-verify integrated vendor. Plaintiff initiated his I-9 process in Workday on February 23, 2020 at 3:46 p.m. (Pacific time) by entering the information noted above. The process was completed on March 2, 2020 at 3:58 p.m. (Pacific time) after HR received Plaintiff's supporting documents.

16.     Attached hereto as **Exhibit A-4** is a true and correct copy of a screenshot of the "W-4 Federal Withholding" section of Plaintiff's Workday Account. This screenshot shows that Plaintiff completed his W-4 federal withholding elections form in Workday on February 23, 2020 at 3:42 p.m. (Pacific time).

17.     Attached hereto as **Exhibit A-5** is a true and correct copy of Plaintiff's W-4 form (federal withholding elections) that Plaintiff had completed in Workday (Plaintiff's and SpaceX's identifying information have been redacted to preserve privacy and confidentiality). The Social Security Number and home address that Plaintiff entered into Workday were identical to that contained in the hard copies of Plaintiff's I-9 identification and work authorization documents that Plaintiff later physically handed to HR shortly after starting his position on or around February 24, 2020.

## IP Address Validation

18.     When an employee signs into Workday and electronically signs a document using Adobe Sign, those transactions are time-stamped and recorded separately by the Workday platform and also the Adobe Sign application.  Exhibit A lists the details of the Plaintiff's Workday System Account Sign-On and shows that Workday recorded Plaintiff signing into his Workday Account ("cmartinez / Carlos Martinez") on February 23, 2020 at 3:03 p.m. (Pacific time) and remained logged into his account until he exited later that same day at 3:50 p.m. (Pacific time).  Plaintiff logged into his Workday account using a Desktop device with the Internet Protocol ("IP") address, 72.180.245.51.  Each device connected to the internet or a local network displays an IP address specific and unique to it.

19.     While signed into Workday, Plaintiff opened and electronically signed the Arbitration Agreement using Workday's Adobe Sign application.  Separate from Workday, Adobe Sign also time-stamped and recorded transactions completed using its program.  Attached hereto as **Exhibit A-6** is a true and correct copy of Plaintiff's Adobe Sign audit log.  This audit log indicates that Adobe Sign recorded Plaintiff electronically signing the Arbitration Agreement on February 23, 2020 at 11:29 p.m. (GMT or Greenwich Mean Time) which was equivalent to approximately 3:29 p.m. (Pacific time).  Plaintiff electronically signed the Arbitration Agreement using a device with the IP address, 72.180.245.51, which was identical to the device that Plaintiff was using at the time to sign into his Workday Account.  Plaintiff electronically signed the Arbitration Agreement while he was still logged into his Workday account, all from the same device.

20.     After Plaintiff completed his signing of the Arbitration Agreement, Adobe Sign populated the signed Arbitration Agreement into Workday.  Attached hereto as **Exhibit A-7** is a true and correct copy of a screenshot of the Documents section in Plaintiff's Workday Account.  This screenshot shows that Workday recorded receiving Plaintiff's signed Arbitration Agreement from Adobe Sign on February 23, 2020 at 3:34 p.m. (Pacific time).

## Audit Trail of Arbitration Agreement

21.     To complete the Arbitration Agreement e-signature process in Workday, each employee was required to navigate to his/her own Workday inbox, review the task (*i.e.*, message) called Arbitration Agreement, and click the button labeled "E-sign by Adobe Sign", which opened the Arbitration Agreement PDF for review and signature.  To complete signature, the employee was required to: (1) either scroll down through the 4-page document or click the yellow "Start" arrow; (2) type their full name in the "By (print name)" field; (3) click their mouse pointer in the "Name (signature)" field; (4) type their full name again where it appeared as though it were a signature; (5) move their mouse pointer and click the button "Click to Sign" in the Adobe window (after which they were provided an opportunity to download the signed agreement); and (6) finally, to fully record the signed agreement and deliver it to SpaceX, the employee was required to move their mouse pointer and click the button "Submit" in Workday (at which point they had the opportunity to input any comments to associate with the document).  After clicking "Submit," the employee received confirmation of submittal visually with a green check mark with the text "Process Successfully Completed."  The signed agreement was then stored and accessible by the

employee in the "Documents" section of their Workday account, from where the employee could (can) view and download the document, which showed (shows)s the signature date of the file.

22.     Upon completion of the task, and signature of the Agreement, SpaceX's HR department may view the submitted document by logging into Workday and searching for the employee by either name or employee ID.  The employee's signed documents are stored under the Documents section of the Personal tab.

23.     SpaceX is able to review user activity in Workday.  SpaceX searched for Plaintiff's user activity on Workday.  This data is stored in Workday within its own storage systems.  By design, SpaceX cannot change this data without creating record of doing so.

24.     A search of Plaintiff's Workday account confirms that Plaintiff executed the Arbitration Agreement on February 23, 2020.  As discussed above, Plaintiff would have needed to complete the multi-level password protection process discussed above to log into his Workday profile using his unique username and password to execute the Arbitration Agreement.  Attached hereto as **Exhibit A-8** is a true and correct copy of Plaintiff's Workday "audit trail" showing his activity in Workday in connection with the Arbitration Agreement.  I accessed Plaintiff's Workday audit trail by logging into Workday using my unique username and password, and searching for the user activity for the Arbitration Agreement signed by Plaintiff.

25.     Workday tracks user logins and system activities and SpaceX can produce an "audit trail" to report out those changes.  An audit trail is an automatically generated document which reports any changes to data.  On the audit trail, the "Entered On" column tracks when the activity began, and the "Added" and "Removed" columns show what changes were made to the particular task.

26.     The Workday audit trail also shows that on February 23, 2020, at 3:34:59 p.m. (Pacific time), Plaintiff completed the required task by electronically executing the Arbitration Agreement.  This is demonstrated in the "Attribute" column which states "Completed Date."  The task was completed by Plaintiff as demonstrated by the "By User" column which lists "cmartinez / Carlos Martinez" as the user.  The task was completed on February 23, 2020, at 3:29:19 p.m., as recorded in the "Entered On" column.

27.     A copy of the electronically-executed Arbitration Agreement submitted by Plaintiff on Workday was stored in Plaintiff's personnel file. Attached hereto as **Exhibit A-9** is a true and correct copy of a screenshot of the signature page from Plaintiff's executed Arbitration Agreement.  Workday reflects that the individual who electronically executed this Arbitration Agreement was a person who self-identified as "Carlos Martinez" and who accessed the arbitration agreement from the email address, "el.cayito.mtz@gmail.com".

28.     The name "Carlos Martinez" could have been placed on the signature page of the Arbitration Agreement only by someone using Plaintiff's unique Workday username and password.  Given the process for signing documents, the system put in place to protect the privacy of information with a unique username and private password, and the multiple validations of Plaintiff's Workday activity (*i.e.*, his I-9, his W-4, his IP address), as summarized above, the electronic signature was certainly made by Plaintiff at the date and time listed on the audit trail.

I have been given an opportunity to review this Declaration and make any necessary changes before signing. Under penalty of perjury, I declare the foregoing statements in this Declaration to be true and correct.

Dated:   8/4/2022

John Sandhu
Senior Data Architect
People Data and Operations Team
Space Exploration Technologies Corporation

# EXHIBIT A-1

## EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT
## AND CLASS ACTION WAIVER

As a condition of my becoming employed (or my employment being continued) by Space Exploration Technologies Corp., a Delaware corporation, and any of its current or future subsidiaries, affiliates, successors or assigns (collectively, "SpaceX") (SpaceX and I, collectively, the "Parties"), and in consideration of my employment relationship with the SpaceX and my receipt of the compensation now and hereafter paid to me by SpaceX, I agree to the following:

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between us;

NOW THEREFORE, in consideration and as a condition of being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, I agree that:

1. The Parties shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, **EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM.**

2. Any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by SpaceX or me, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this Section 2 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in *Iskanian v. CLS Transportation* is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case Section 2 shall apply to claims brought pursuant to PAGA.

3. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by me related to wages, expenses, meal or rest periods or any unpaid compensation

or penalties for missed meal or rest periods, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness.

4.  Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jamsadr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

    a.  If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

    b.  The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

    c.  The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

    d.  The decision or award of the arbitrator shall be final and binding upon the Parties.

    e.  Arbitration will occur in the state of the SpaceX facility in which I primarily work or in the case that I work remotely, the state of the SpaceX facility in which my supervisor(s) work(s). Where the facility is in Hawthorne or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

5. Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6. SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against me for engaging in concerted activity.

7. SpaceX will be responsible for all arbitration fees, except I will be required to pay up to the amount I would have been required to pay the applicable lower court in order to file a civil complaint. Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

8. The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

9. The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, I am free to resign at any time. Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

10. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

11. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C. sections 1-14) ("FAA") and will be construed and governed accordingly. It is the Parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

12. This Agreement may be modified only in a writing signed by me and a Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

/ / /

/ / /

3

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTICIPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

**Employee**

By (print name):    Carlos Martinez

Name (signature):    *Carlos Martinez*
                     Carlos Martinez (Feb 23, 2020)

Date:    Feb 23, 2020

# EXHIBIT A-2

myworkday.com/spacex/d/inst/1$4328/4328$1362782.htmld

## Signons

| | |
|---|---|
| Signon | |
| Session Start | 02/23/2020 03:03:13 PM |
| Workday Account | cmartinez / Carlos Martinez |
| Session End | 02/23/2020 03:50:54 PM |
| Active Session | |
| Device Type | Desktop |
| Password Changed | Yes |
| Authentication Type for Signon | User Name Password |
| Authentication Channel | UI |
| Browser | Firefox |
| Operating System | Windows |
| Session ID | 398564 |
| Device is Trusted | No |
| Session IP Address | 72.180.245.51 |
| API Client ID | (empty) |
| TLS Version | TLSv1.2 |

# EXHIBIT A-3



E-Verify Case Number:
2020057184118FE

**Employment Eligibility Verification**

**Department of Homeland Security**

U.S. Citizenship and Immigration Services

**USCIS**
**Form I-9**
OMB No. 1615-0047
Expires 08/31/2019

▶START HERE: Read instructions carefully before completing this form. The instructions must be available, either in paper or electronically, during completion of this form. Employers are liable for errors in the completion of this form.

ANTI-DISCRIMINATION NOTICE: It is illegal to discriminate against work-authorized individuals. Employers **CANNOT** specify which document(s) an employee may present to establish employment authorization and identity. The refusal to hire or continue to employ an individual because the documentation presented has a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Attestation** *(Employees must complete and sign Section 1 of Form I-9 no later than the **first day of employment**, but not before accepting a job offer.)*

| Last Name *(Family Name)* | First Name *(Given Name)* | | Middle Initial | Other Last Names Used *(if any)* | |
|---|---|---|---|---|---|
| Martinez | Carlos | | G | N/A | |
| Address *(Street Number and Name)* | | Apt. Number | City or Town | State | ZIP Code |
| 2301 Old Port Isabel rd #26 | | N/A | Brownsville | TX | 78521 |
| Date of Birth *(mm/dd/yyyy)* | U.S. Social Security Number | Employee's E-mail Address | | Employee's Telephone Number | |
| | | el.cayito.mtz@gmail.com | | + 9562546973 | |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following boxes):

| ☐ 1. A citizen of the United States |
|---|
| ☐ 2. A noncitizen national of the United States *(See instructions)* |
| ☒ 3. A lawful permanent resident    (Alien Registration Number/USCIS Number): ▮▮▮▮▮▮ |
| ☐ 4. An alien authorized to work    until (expiration date, if applicable, mm/dd/yyyy):    N/A<br>Some aliens may write "N/A" in the expiration date field. *(See instructions)* |

Aliens authorized to work must provide only one of the following document numbers to complete Form I-9:
An Alien Registration Number/USCIS Number OR Form I-94 Admission Number OR Foreign Passport Number.

QR Code - Section 1
Do Not Write In This Space

**1.** Alien Registration Number/USCIS Number:            N/A
**OR**

**2.** Form I-94 Admission Number:        N/A
**OR**

**3.** Foreign Passport Number:        N/A

   Country of Issuance:        N/A

| Signature of Employee | Today's Date *(mm/dd/yyyy)* |
|---|---|
| Electronically signed by Carlos Martinez | 02/23/2020 |

**Preparer and/or Translator Certification (check one):**
☒ I did not use a preparer or translator.    ☐ A preparer(s) and/or translator(s) assisted the employee in completing Section 1.
*(Fields below must be completed and signed when preparers and/or translators assist an employee in completing Section 1.)*

I attest, under penalty of perjury, that I have assisted in the completion of Section 1 of this form and that to the best of my knowledge the information is true and correct.

| Signature of Preparer or Translator | | Today's Date *(mm/dd/yyyy)* | |
|---|---|---|---|
| Last Name *(Family Name)* | First Name *(Given Name)* | | |
| Address *(Street Number and Name)* | City or Town | State | ZIP Code |

🛑 *Employer Completes Next Page* 🛑

Form I-9  07/17/17  N

Page 1 of 3



**Employment Eligibility Verification**
**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-9**
OMB No. 1615-0047
Expires 08/31/2019

## Section 2. Employer or Authorized Representative Review and Verification

*(Employers or their authorized representative must complete and sign Section 2 within 3 business days of the employee's first day of employment. You must physically examine one document from List A OR a combination of one document from List B and one document from List C as listed on the "Lists of Acceptable Documents.")*

| Employee Info from Section 1 | Last Name (Family Name)<br>Martinez | First Name (Given Name)<br>Carlos | M.I.<br>G | Citizenship/Immigration Status<br>3 |
|---|---|---|---|---|

| List A<br>Identity and Employment Authorization | OR | List B<br>Identity | AND | List C<br>Employment Authorization |
|---|---|---|---|---|

| Document Title<br>N/A | Document Title<br>US Driver's License | Document Title<br>Social Security Card |
|---|---|---|
| Issuing Authority<br>N/A | Issuing Authority<br>Texas | Issuing Authority<br>SSA |
| Document Number<br>N/A | Document Number<br>████ | Document Number<br>████ |
| Expiration Date (if any)(mm/dd/yyyy)<br>N/A | Expiration Date (if any)(mm/dd/yyyy)<br>10/29/2024 | Expiration Date (if any)(mm/dd/yyyy)<br>N/A |

| Document Title<br>N/A | |
|---|---|
| Issuing Authority<br>N/A | Additional Information |
| Document Number<br>N/A | |
| Expiration Date (if any)(mm/dd/yyyy)<br>N/A | |

| Document Title<br>N/A | |
|---|---|
| Issuing Authority<br>N/A | QR Code - Sections 2 & 3<br>Do Not Write In This Space |
| Document Number<br>N/A | |
| Expiration Date (if any)(mm/dd/yyyy)<br>N/A | |

**Certification: I attest, under penalty of perjury, that (1) I have examined the document(s) presented by the above-named employee, (2) the above-listed document(s) appear to be genuine and to relate to the employee named, and (3) to the best of my knowledge the employee is authorized to work in the United States.**

The employee's first day of employment (mm/dd/yyyy):   02/24/2020   *(See instructions for exemptions)*

| Signature of Employer or Authorized Representative<br>Electronically signed by kimberly Chacon | Today's Date (mm/dd/yyyy)<br>02/26/2020 | Title of Employer or Authorized Representative<br>Human Resource Coordinator |
|---|---|---|
| Last Name of Employer or Authorized Representative<br>Chacon | First Name of Employer or Authorized Representative<br>kimberly | Employer's Business or Organization Name<br>Space Exploration Technologies Corp. |

| Employer's Business or Organization Address (Street Number and Name)<br>1 Rocket Road | City or Town<br>Hawthorne | State<br>CA | ZIP Code<br>90250 |
|---|---|---|---|

## Section 3. Reverification and Rehires *(To be completed and signed by employer or authorized representative.)*

| A. New Name (if applicable) | | | B. Date of Rehire (if applicable) |
|---|---|---|---|
| Last Name (Family Name) | First Name (Given Name) | Middle Initial | Date (mm/dd/yyyy) |

C. If the employee's previous grant of employment authorization has expired, provide the information for the document or receipt that establishes continuing employment authorization in the space provided below.

| Document Title | Document Number | Expiration Date (if any) (mm/dd/yyyy) |
|---|---|---|

I attest, under penalty of perjury, that to the best of my knowledge, this employee is authorized to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Today's Date (mm/dd/yyyy) | Name of Employer or Authorized Representative |
|---|---|---|



View U.S. Employment Verification Status

03:37 PM
07/18/2022
Page 1 of 1

Carlos Martinez (Terminated) (123083)

U.S. Employment Verification Status
Employment Authorized

I-9 Process Status
Process Finalized

### Verification Status

**Employment Start Date** 02/24/2020
**Original Hire Date** 02/24/2020
**Electronic Form I-9 Process** Process Finalized
**U.S. Employment Verification Status** Employment Authorized
**E-Verify Case Number** 2020057184118FE
**Recorded By** Tori Park (Terminated) (115236)
**Recorded On** 03/02/2020 03:58 PM

| Form I-9 | Business Process Status | Initiated On | I-9 Process Status | Currently Assigned To | U.S. Employment Verification Status | E-Verify Case Number | Finalization Comment |
|---|---|---|---|---|---|---|---|
| Complete Form I-9: Carlos Martinez (Terminated) (123083) - Employment Authorized | Successfully Completed | 02/22/2020 03:46 PM | Process Finalized | | Employment Authorized | 2020057184118FE | |

# EXHIBIT A-4



# EXHIBIT A-5

| Form **W-4** | **Employee's Withholding Certificate** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | ► Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay.<br>► Give Form W-4 to your employer.<br>► Your withholding is subject to review by the IRS. | 20**20** |

**Step 1:**
**Enter**
**Personal**
**Information**

| (a) First name and middle initial | Last name | |
|---|---|---|
| Carlos | Martinez | ► Does your name match the name on your social security card? If not, to ensure you get credit for your earnings, contact SSA at 800-772-1213 or go to www.ssa.gov. |
| Address<br>3805 ridge trail | | |
| City or town, state, and ZIP code<br>Brownsville, TX 78520 | | |

(c)  ☐ Single or Married filing separately
☐ Married filing jointly (or Qualifying widow(er))
☒ Head of household (Check only if you're unmarried and pay more than half the costs of keeping up a home for yourself and a qualifying individual.)

**Complete Steps 2–4 ONLY if they apply to you; otherwise, skip to Step 5.** See page 2 for more information on each step, who can claim exemption from withholding, when to use the online estimator, and privacy.

**Step 2:**
**Multiple Jobs**
**or Spouse**
**Works**

Complete this step if you (1) hold more than one job at a time, or (2) are married filing jointly and your spouse also works. The correct amount of withholding depends on income earned from all of these jobs.

Do **only one** of the following.

(a) Use the estimator at *www.irs.gov/W4App* for most accurate withholding for this step (and Steps 3–4); **or**

(b) Use the Multiple Jobs Worksheet on page 3 and enter the result in Step 4(c) below for roughly accurate withholding; **or**

(c) If there are only two jobs total, you may check this box. Do the same on Form W-4 for the other job. This option is accurate for jobs with similar pay; otherwise, more tax than necessary may be withheld  .  .  .  .  .  ► ☒

**TIP:** To be accurate, submit a 2020 Form W-4 for all other jobs. If you (or your spouse) have self-employment income, including as an independent contractor, use the estimator.

**Complete Steps 3–4(b) on Form W-4 for only ONE of these jobs.** Leave those steps blank for the other jobs. (Your withholding will be most accurate if you complete Steps 3–4(b) on the Form W-4 for the highest paying job.)

| **Step 3:**<br>**Claim**<br>**Dependents** | If your income will be $200,000 or less ($400,000 or less if married filing jointly):<br><br>Multiply the number of qualifying children under age 17 by $2,000 ► $ ____ 0.00<br><br>Multiply the number of other dependents by $500  .  .  .  .  ► $ ____ 1,000.00<br><br>Add the amounts above and enter the total here  .  .  .  .  .  .  .  .  .  .  .  .  . | **3** | $ ____ 1,000.00 |
|---|---|---|---|
| **Step 4**<br>**(optional):**<br>**Other**<br>**Adjustments** | **(a) Other income (not from jobs).** If you want tax withheld for other income you expect this year that won't have withholding, enter the amount of other income here. This may include interest, dividends, and retirement income  .  .  .  .  .  .  .  .  .  .  .  . | **4(a)** | $ ____ 0.00 |
| | **(b) Deductions.** If you expect to claim deductions other than the standard deduction and want to reduce your withholding, use the Deductions Worksheet on page 3 and enter the result here  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | **4(b)** | $ ____ 0.00 |
| | **(c) Extra withholding.** Enter any additional tax you want withheld each **pay period**  . | **4(c)** | $ ____ 0.00 |

| **Step 5:**<br>**Sign**<br>**Here** | Under penalties of perjury, I declare that this certificate, to the best of my knowledge and belief, is true, correct, and complete.<br>Electronically signed by<br>Carlos Martinez | | Feb 23, 2020 |
|---|---|---|---|
| | ► **Employee's signature** (This form is not valid unless you sign it.) | ► | Date |

| **Employers**<br>**Only** | Employer's name and address<br>Space Exploration Technologies Corp.<br>1 Rocket Road<br>Hawthorne, CA 90250 | First date of<br>employment | Employer identification<br>number (EIN) |
|---|---|---|---|

For Privacy Act and Paperwork Reduction Act Notice, see page 3.    Cat. No. 10220Q    Form **W-4** (2020)

# EXHIBIT A-6



## Review Documents for Onboarding for Carlos Martinez (123063)

**Final Audit Report**                                         2020-02-23

| | |
|---|---|
| Created: | 2020-02-23 |
| By: | Workday Help (WorkdayHelp@spacex.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAGjsr_zmrlecz46Bpw\UM6eNxr9c-wHEh |

## "Review Documents for Onboarding for Carlos Martinez (123063 )" History

📄 Document created by Workday Help (WorkdayHelp@spacex.com)
   2020-02-23 - 11:14:16 PM GMT- IP address: 209.177.164.1

📧 Waiting for Signature by Carlos Martinez (el.cayito.mtz@gmail.com)
   2020-02-23 - 11:14:22 PM GMT

🔏 Document e-signed by Carlos Martinez (el.cayito.mtz@gmail.com)
   E-signature hosted by Workday Help (WorkdayHelp@spacex.com)
   Signature Date: 2020-02-23 - 11:29:17 PM GMT - Time Source: server- IP address: 72.180.245.51

✅ 2020-02-23 - 11:29:17 PM GMT

Adobe Sign

# EXHIBIT A-7



# EXHIBIT A-8

# EXHIBIT A-9

